UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE No. 8:16-cr-431-T-36TGW

PEDRO PADILLA-GUTIERREZ

_____

CRIMINAL SCHEDULING ORDER

The defendant has been arraigned. To initiate a simple self-executing discovery procedure; to reduce expense and delay by eliminating routine or standard discovery motions for which established rulings and precedent exist; to encourage voluntary disclosure by the prosecution and by the defense; to facilitate the effective assistance of counsel; and to secure a just determination, this scheduling order will control the subsequent course of this criminal proceeding. See Fed. R. Crim. P. 2; Local Rule 1.01(b). The parties shall comply with the following discovery and scheduling requirements without the need for further discovery motions or demands:

I.     **DISCOVERY AND INSPECTION**

   **A. Opting Out**

   1.  **Defendant's Election Not to Request Disclosure** – This Order deems each party to have requested disclosure to the full extent allowed by Fed. R. Crim. P. 16. Within **seven (7)** days of the date of this Order, however, a defendant may file and serve by hand delivery a written notice electing not to request disclosure under Fed. R. Crim. P. 16(a)(1)(E), (F), and (G). To be effective, the written notice must specify the precise subsection or subsections of

Fed. R. Crim. P. 16(a)(1) under which the defendant elects not to request disclosure. Where a defendant has served timely written notice electing not to request disclosure under one or more specific subsections of Rule 16(a)(1), the government has no obligation to provide disclosure to the extent specified in the defendant's notice.

2. **Reciprocal Disclosure of Documents, Objects, Reports** – A defendant who has filed and served timely written notice electing not to request disclosure under Fed. R. Crim. P. 16(a)(1)(E) (relating to documents and objects), Rule 16(a)(1)(F) (relating to reports of examinations and tests), and Rule 16(a)(1)(G) (relating to expert witnesses) has no obligation to provide reciprocal discovery to the government pursuant to Rule 16(b)(1)(A), (B), and (C).

3. **Disclosure Regarding Experts** – A defendant who has filed and served timely written notice electing not to request disclosure under Rule 16(a)(1)(G) (relating to expert witnesses), and who has not filed and does not intend to file a notice pursuant to Rule 12.2(b) (relating to expert evidence of a mental condition), has no obligation to provide reciprocal discovery to the government pursuant to Rule 16(b)(1)(c)(i).

4. **Order of Compliance Unchanged** – This Order imposes no obligation on a defendant to provide reciprocal discovery under a subsection of Fed. R. Crim. P. 16(b)(1) until the government has complied with its obligations pursuant to Rule 16(a)(1)(E), (F), and (G).

5. **Other Requirements** – The filing and service of an opt-out notice under this paragraph relieves the government of its obligations under ¶¶ 1 (E) - (G) of this Order, and relieves the defendant of obligations under ¶¶ 1 (Q) - (S) of this Order, only to the limited extent specified above. The filing and service of a notice under this paragraph does not otherwise relieve a party of any obligation to comply with the requirements of this Order.

B. **Oral Statements of the Defendant** – Within **fourteen (14) days** from the date of this Order, the government shall disclose to the defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(A), and make available for inspection, copying, or photographing, that portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent, as well as the substance

-2-

of any such oral statement that the government intends to use at trial. Similarly, the government shall disclose to an organizational defendant the information required by Fed. R. Crim. P. 16(a)(1)(C).

C. **Written or Recorded Statements of the Defendant** – Within **fourteen (14)** days from the date of this Order, the government shall disclose to the defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(B), and make available for inspection, copying, or photographing, any relevant written or recorded statements made by the defendant, or copies of the statements, within the government's possession, custody or control, the existence of which is known or through the exercise of due diligence may become known to the attorney for the government, including recorded testimony of the defendant before a grand jury which relates to the offense charged. Similarly, the government shall disclose to an organizational defendant the information required by Fed. R. Crim. P. 16(a)(1)(C).

D. **Prior Record** – Within **fourteen (14)** days of the date from this Order, the government shall furnish to the defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(D), a copy of the defendant's prior criminal record, if any.

E. **Documents and Objects** – Within **fourteen (14)** days from the date of this Order, the government shall permit the defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(E), to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, vehicles, vessels, aircraft, buildings or places which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

F. **Reports of Examinations and Tests** – Within **fourteen (14)** days from the date of this Order, the government shall permit the defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(F), to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defendant's defense, or are intended for use by the government as evidence in chief at the trial. The government shall provide to the defendant, for independent

expert examination, copies of all latent fingerprints or palmprints which have been identified by a government expert as those of the defendant.

G. **Expert Witnesses** – Within **fourteen (14)** days from the date of this Order, the government shall disclose to the defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(G), a written summary of any testimony that the government intends to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications. Within **seven (7)** days of service on the government of the defendant's summary of testimony pursuant to Fed. R. Crim. P. 16(b)(1)(C) (relating to expert testimony on the defendant's mental condition after notice under Rule 12.2(b)) [*see* ¶ I (S) below], the government shall disclose to the defendant a written summary of testimony on the issue of the defendant's mental condition pursuant to the second sentence of Rule 16(a)(1)(G).

H. **Electronic Surveillance** – Within **fourteen (14)** days from the date of this Order, the government shall disclose to the defendant the nature and extent of the use of electronic surveillance (including wiretapping, consensual monitoring, body wires, tape recordings, transmission devices, videotape recordings, bank surveillance recordings, pen registers) or mail covers conducted by law enforcement officers or witnesses in investigating this case, and also disclose the existence of all recordings obtained and final transcripts made during the investigation, regardless of whether the government intends to use the recordings and transcripts in its case-in-chief.

I. **Rule 404 (b) Evidence** – Within **fourteen (14)** days from the date of this Order, the government shall disclose to the defendant in writing the general nature of evidence of other crimes, wrongs, or acts by the defendant that the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b), as well as the general purpose of the evidence (*e.g.*, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). The government's written disclosure shall characterize the defendant's specific prior conduct to a degree that fairly apprizes the defendant of its general nature. Absent good cause shown, failure to make this disclosure will bar the use at trial of any such evidence. Within the time frame established in ¶ II (B) of this Order, the

defendant shall file a motion in limine stating any objection to the introduction of the Rule 404(b) evidence.

J. **Confidential Informants** – Within **fourteen (14)** days from the date of this Order, the government shall disclose to the defendant whether it has used a confidential informant in investigating this case.

K. **Conflict of Interest** – Within **fourteen (14)** days from the date of this Order, and in any event as soon as possible to permit the prompt filing of an appropriate motion, the government shall alert counsel for the defendant if the government is aware of a potential conflict of interest in the representation of the defendant by such attorney in this case. All parties shall inquire of their witnesses about matters that may give rise to a conflict of interest, including whether any attorney in the case has previously represented the witness.

L. **Photo Identification** – Within **fourteen (14)** days from the date of this Order, the government shall disclose to the defendant whether any witness or individual has identified the defendant in any lineup, showup, photo spread or similar identification proceeding, and permit the defendant to inspect, copy, and photograph any pictures utilized in or resulting from the identification.

M. **Evidence Seized by Warrant** – Within **fourteen (14)** days from the date of this Order, the government shall specify all items seized from a defendant and all the seized evidence, if any, that the government intends to introduce in its case-in-chief at trial and permit the defendant to inspect and copy any search warrant and affidavit, together with the inventory of any search pursuant to Fed. R. Crim. P. 41, pursuant to which the evidence was seized.

N. **Rough Notes** – The government shall advise all law enforcement agents and officers involved in this case to retain any rough notes, recordings, reports, and statements pertaining to this case which now exist.

O. **Destruction of Evidence** – The government shall not destroy any evidence in this case without giving fourteen (14) days written notice to all defense counsel. If there is any objection filed to the proposed destruction, the government shall not destroy the evidence without first having obtained the Court's approval.

P.  **Speedy Trial** – The government shall have responsibility for informing the Court of any delay in the prompt disposition of this criminal case pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3165 and the Middle District of Florida's Speedy Trial Plan, Fed. R. Crim. P. 50, Local Rule 4.13(c).

Q.  **Reciprocal Discovery of Documents and Objects** – Within **twenty-one (21)** days from the date of this Order, the defendant shall permit the government, to the extent required by Fed. R. Crim. P. 16(b)(1)(A), to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, and buildings or places which are within the possession, custody or control of the defendant, and which the defendant intends to introduce as evidence in chief at trial, provided that the government has done the same.

R.  **Reciprocal Discovery of Reports of Examinations and Tests** – Within **twenty-one (21)** days from the date of this Order, the defendant shall permit the government, to the extent required by Fed. R. Crim. P. 16(b)(1)(B), to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, which are within the possession, custody or control of the defendant, which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony, provided that the government has done the same or has disclosed that no such reports exist.

S.  **Reciprocal Discovery of Expert Witnesses** – Within **twenty-one (21)** days from the date of this Order, the defendant shall disclose to the government, under the circumstances and to the extent required by Fed. R. Crim. P. 16(b)(1)(C), a written summary of testimony that the defendant intends to use under Fed. R. Evid. 702, 703, or 705 as evidence at trial. This summary must describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications. Within **seven (7)** days of the filing and service of notice under Fed. R. Crim. P. 12.2(b) of an intent to present expert testimony on the defendant's mental condition [*see* ¶ II (C) below], a defendant shall disclose to the government a written summary of testimony to the extent required by Fed. R. Crim. P. 16(b)(1)(C).

T.  *Brady* **Material** – No later than **fourteen (14)** days before the first day of the trial term in which this case is set for trial [*see* ¶ III (B)

below], the government shall disclose to the defendant, and permit the defendant to inspect and copy, all information and material known to the government which may be favorable to the defendant on the issue of guilt or punishment to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); and *Kyles v. Whitley*, 514 U.S. 419 (1995).

U. **Giglio Material** – No later than **fourteen (14)** days before the first day of the trial term in which this case is set for trial [*see* ¶ III (B) below], the government shall disclose to the defendant the existence and substance of any payment, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses to the extent required by *Giglio v. United States*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959). For each witness (under every name used by the witness) who will testify for the government at trial, the government shall supply the defendant with a record of all prior convictions of the type that may be used to impeach a witness pursuant to Fed. R. Evid. 609. The government shall make available any application to the Court for immunity of a witness, as well as any order issued in response to the application.

V. **Jencks Act Material** – All parties shall be prepared to comply with the Jencks Act, 18 U.S.C. § 3500 and Fed. R Crim. P. 26.2 relating to the production of witness statements on demand after the witness has testified on direct examination. The parties may agree on – but the Court does not order – an earlier time for the exchange or production of Jencks Act and Rule 26.2 material. *See* Fed. R. Crim. P. 16(a)(2).

W. **Continuing Duty to Disclose** – No later than **seven (7)** days after it comes into the possession of counsel, all parties shall disclose to opposing counsel or the Court additional newly-discovered evidence or material which is subject to discovery, as required by Fed. R. Crim. P. 16(c).

X. **Agreed Extensions** – The Court recognizes and encourages the tradition of agreement and cooperation among counsel in discovery and inspection without Court involvement. Without the need for a Court order, the parties may agree in writing, *see* Local Rule 4.15, to extend or modify the times allowed above in ¶ I of this Order for discovery and inspection, provided that the agreed extension or modification does not alter, disrupt, or delay the trial, the status

conference, or the timely filing and resolution of pretrial motions as established below.

Y. **Notice with the Court** – At such time as the government has provided all discovery material to defense counsel, the government shall file a notice with the Court, which notice shall state: 1) the date the discovery was furnished and 2) the contents of such discovery (if confidential, under seal) to include what information mandated by paragraph I. B-W has been provided.

II. **MOTIONS AND NOTICES**

A. **Notice Regarding Recusal** – Within **fourteen (14)** days from the date of this Order, the government shall file and serve a notice listing each person or non-governmental entity of which it is aware who now has, or in the future may have, a financial interest in the subject matter in controversy, or in a party to this proceeding. The notice shall include 1) each victim of the charged conduct who may be entitled to restitution; 2) each person or non-governmental entity who may claim an interest in forfeitable assets; 3) each corporation, partnership, or association that is controlled by a defendant; and 4) each publicly-traded corporation that is a parent, subsidiary, or affiliate of a victim or otherwise interested corporation. Each party has a continuing obligation to file and serve a notice regarding recusal on learning of any ground for recusal or disqualification of a judicial officer or counsel.

B. **Filing Deadline for Motions and Notices** – Within **twenty-one (21)** days from the date of this Order, the parties shall file and serve all motions (with memoranda and certificate) and all notices. *See* Fed. R. Crim. P. 12(c); Local Rule 3.01(a).

C. **Types of Motions** - This filing deadline applies to all discovery motions, if any, not covered by this Order; to all notices (including notices under Fed. R Crim. P. 12(b)(4), 12.1, 12.2, and 12.3); and to all non-discovery and dispositive motions (including motions for a bill of particulars, to dismiss the indictment, to strike, to suppress evidence, to sever, for a *James* or *Bruton* hearing, and motions *in limine* to exclude the use of evidence under Fed. R. Evid. 404(b)). The Court encourages the early filing of other motions *in limine*, including motions to exclude or limit the admissibility of evidence under Fed. R. Evid. 403, although such motions are excluded from the above filing deadline. **The parties shall refrain from filing**

unnecessary discovery motions concerning matters covered in this Order. Any such motions will be denied as moot.

D. **Certificate Required in Motions** – Before filing *any* motion in a criminal case that is not an *ex parte* motion, the moving party shall confer with counsel for the opposing party in person or by telephone (but not solely by letter or facsimile) in a good faith effort to resolve the issues raised by the motion, and **shall include in the motion a statement certifying 1) that the moving counsel has conferred with opposing counsel; 2) that counsel have been unable to resolve the motion by agreement; and 3) that the motion concerns matters which are not covered by the scheduling order.** The Court will deny without prejudice motions filed without the required certificate. Except where the certificate specifies timely calls or visits comprising a significant good faith effort by the movant to confer, the Court will also deny without prejudice motions that merely certify an "attempt" to confer. Subject to the constraints specified in this Order, a lawyer should respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, *Ideals and Goals of Professionalism* (adopted May 16, 1990), 70 Florida Bar Journal 686, 687 ¶ 6.10 and *Creed of Professionalism* ¶ 8.

E. **Waiver** – Failure to raise defenses or objections by timely motion shall constitute waiver. Relief from waiver may be granted for cause on a showing of excusable neglect.

F. **Memoranda in Opposition** – Each party opposing any written motion shall file and serve, within **fourteen (14)** days after being served with such motion, a memorandum with citation of authorities in opposition to the relief requested. Local Rule 3.01(b). An unopposed motion is subject to being granted as unopposed unless covered by this Order, in which case the motion will be denied as moot.

G. **Jury Instructions, Verdict Form, Voir Dire Questions and Witness Lists** – Unless requested earlier by the Court, no later than **fourteen (14)** days before the first day of the trial term in which this case is set for trial [*see* ¶ III (B) below], counsel shall file and serve a single set of jointly proposed questions for the Court to ask the venire during voir dire, a single set of proposed jury instructions, a single proposed verdict form and the parties' respective witness lists. Jury instructions shall be based on the Eleventh Circuit Pattern Jury Instructions. **At the time of filing the voir dire**

questions, jury instructions and verdict form, the parties shall provide an electronic copy of same to chambers via e-mail in WordPerfect 10.0 (or later) format.[1]

H. **Demonstrative Exhibits** – The Court requires demonstrative exhibits that parties intend to use in opening statements be given to opposing counsel no later than one full work day (24 hours) prior to the commencement of trial.

III. **SCHEDULING**

A. **Status Conference** - This case is set for a status conference before the **Honorable Charlene Edwards Honeywell**, United States District Judge, on **MARCH 21, 2017, at 9:30 A.M.**, in Courtroom 13A, 801 North Florida Avenue, United States Courthouse, Tampa, FL. **The change of plea deadline is the last Wednesday of every month. The district court may reject as untimely any plea agreements filed after the status conference.** Defendant's presence is not required at the status conference. *See* Fed. R. Crim. P. 43(c)(3).

B. **Trial** – This case is set for trial before the **Honorable Charlene Edwards Honeywell**, United States District Judge, on the trial term commencing **APRIL 3, 2017**, at 9:00 a.m. *After the first day of the trial term, all counsel shall be available and ready for trial on twenty-four (24) hours notice.*

DONE and ORDERED in Tampa, Florida, on this 14th day of February, 2017.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[1] E-mail should be sent to the chambers e-mail address of the presiding judge, which can be found on CM/ECF.